Local AO Form 241                                                    Rev. 10/2025

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

**United States District Court - District of North Dakota**

**Petitioner's name (include the name under which**
**you were convicted)**

Damon John WhiteBird (Greywind).

Civil Case No.: _____

*(The Clerk will assign a number)*

Prisoner No.: 39544

Place of Confinement: NDSP

Mailing Address: 3100 Railroad Ave

P.o. box 5521 , Bismarck ND 58506-5521

v.

**Respondent (the authorized *person* having**
**custody of Petitioner)**

Warden, Joseph Joyce

**North Dakota Attorney General**

## PETITION

1. Name and location of the court that entered the judgment/conviction being challenged. Provide the criminal case number, if you know it. East Central Judicial District, Cass County Fargo ND. criminal case No. 09-2022-CR-02921.

2. Date of judgment or sentencing. April 29th, 2024.

3. Identify the crimes for which you were convicted and the length of sentence for each:
   One count GSI -AA felony, 30 yrs first to serv 20 yrs with 5 yrs suspended (sentence).

Local AO 241                                                                                    Rev. 10/2025

4. Did you appeal the criminal judgment to the North Dakota Supreme Court?   Yes ☒   No ☐

5. If you appealed, answer the following:

    a. Case number, if you know. _2o25o2l7_____

    b. Result. _Affirmed. (Relief denied)._____

    c. Date of result, if you know. _Dec. 31, 2o25._____

6. Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

7. If yes, provide the following:

    a. Date you filed. _____

    b. Docket or case number, if you know. _____

    c. Result. _____

    d. Date of result, if you know. _____

    e. Citation to the case, if you know. _____

8. For this petition, **state every ground on which you claim you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you need more room or have more than four grounds. State the facts supporting each ground; do not make legal arguments. If you want to submit legal arguments, those should be made in a separate document called a brief.

    **CAUTION:** To proceed in federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground for which you request habeas relief.

    Also, be aware that if you fail to set forth all the grounds you allege for relief in this petition, you may be barred from presenting additional grounds later.


**[Intentionally Left Blank]**

Local AO 241                                                                    Rev. 10/2025

**GROUND ONE:** Trial Counsel's Admission Establishes Involuntary Plea.

A. **State the facts supporting your claim.** Do not argue or cite caselaw.

Petitioner's prior applications for relief centered on a judicial admission by petitioner's trial attorney that his guilty plea was constitutionally invalid. At the February 12, 2024 hearing to on his motion to withdraw his guilty plea, Attorney Nicole Bredahl explicitly ~~too~~ told the district court that Mr. White Bird's plea "was not voluntarily made." (R107:25:8-14).

Appellate counsel failed to present the claim on direct appeal and asked Petitioner to file the claim in a supplemental brief, which Petitioner did.

B. Did you present the issue in **Ground One** in a state court proceeding?

Yes ☒     No ☐

*If yes,* did you present the issue in a:

Direct Appeal ☒     Request for Post-Conviction Relief ☒

C. If you did not present the issue in Ground One in a state court proceeding, explain why.

Page 3 of 9

Local AO 241                                                                    Rev. 10/2025

**GROUND TWO:** Appellate Counsel's Failure to Effectively Present Constitutional claims.

_____

_____

_____

_____

A. **State the facts supporting your claim.** Do not argue or cite caselaw.

~~Petitioner asserts ground two in post-conviction relief petition.~~ Petitioner's appellate counsel, Samuel Gereszek, provided ineffective assistance by failing to adequately present these constitutional violations on direct appeal. While Mr. Gereszek did raise the issue of whether the guilty Plea was knowingly, voluntarily, and intelligently made, he failed to effectively present the core constitutional violation. (R107:29).

Mr. Gereszek admitted he failed to adequately present the involuntary Plea claim with the necessary constitutional framework. (R107:67-73).

Despite having this clear constitutional claim, Gereszek failed to effectively Present it with the proper legal framework, resulting in an appeal that the State characterized as meritless and the district court adopted this characterization. (R107:27-28).

B. Did you present the issue in **Ground Two** in a state court proceeding?

　　　　　Yes ☒　　No ☐

*If yes,* did you present the issue in a:

　　　　　Direct Appeal ☒　　Request for Post-Conviction Relief ☒

C. If you did not present the issue in Ground Two in a state court proceeding explain why.

_____

_____

_____

_____

_____

Local AO 241                                                               Rev. 10/2025

**GROUND THREE:** Cumulative Coercive factors Render the Plea Constitutionally Invalid.

_____
_____
_____
_____

A. **State the facts supporting your claim.** Do not argue or cite caselaw.

The misrepresentation of sentencing consequences, improper judicial Participation in Plea negotiations, Prosecutorial overreach in Presenting Prejudicial evidence, and misrepresentations about Potential trial witnesses collectively created a coercive atmosphere.

Each factor contributed to an environment that further undermined the voluntariness of the Plea via. Alford.

Appellate counsel Samuel Gereszek failed to raise this claim on direct appeal, and asked Petitioner to raise the claim in a supplemental brief which Petitioner did.

_____
_____
_____
_____
_____

B. Did you present the issue in **Ground Three** in a state court proceeding?

   Yes ☒    No ☐

   *If yes,* did you present the issue in a:

   Direct Appeal ☒    Request for Post-Conviction Relief ☒

C. If you did not present the issue in Ground Three in a state court proceeding, explain why.

_____
_____
_____
_____
_____

Local AO 241                                                           Rev. 10/2025

**GROUND FOUR:** The district court erred by denying Mr WhiteBird's
application for Post-conviction relief.

_____

_____

_____

     A. **State the facts supporting your claim.** Do not argue or cite caselaw.

The district court's Order incorrectly interpreted Attorney Breelahl's
admission, stating she made the statement "because we had to
make an argument to allow you to withdraw your guilty Plea" and
that "research showed that that was the best argument we had."
(R88:14: ¶23).   This interpretation failed to recognize the
Significance of counsel's motion and argument to the court
that Mr. WhiteBird's guilty Plea "was not voluntarily made."
(R107:25:8-14).

_____

Appellate counsel Samuel Gereszek failed to present this ~~issue~~ claim on direct appeal,
and asked Petitioner to raise the claim ~~as~~ in a supplemental brief
which Petitioner did.

_____

_____

     B. Did you present the issue in **Ground Four** in a state court proceeding?

               Yes ☒     No ☐

     *If yes,* did you present the issue in a:

               Direct Appeal ☐     Request for Post-Conviction Relief ☒

     C. If you did not present the issue in Ground Four in a state court proceeding, explain why.

_____

_____

_____

_____

     **If you have additional Grounds for Relief, use additional pages and provide the same information
requested above for each ground.  It is preferable that you write only one side of the page.**

Local AO 241                                                                                    Rev. 10/2025

**Answer these additional questions about this Petition.**

9.    Have you previously filed any type of petition, application, or motion in __federal court__ regarding the conviction or sentence that you challenge in this petition?    Yes    ☐    No    ☒

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.

_____

_____

_____

_____

_____

_____

10.    Do you have any petition, application, motion, or appeal __now pending__ (filed and not yet decided) in any court, either state or federal, for the conviction and sentence that you are challenging?

Yes    ☐    No    ☒

If yes, give the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

_____

11.    Do you have any __future__ sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes    ☐    No    ☒

a.    If yes, provide the name and location of the court that imposed the sentence. _____

_____

b.    When was the sentence imposed? _____

c.    What is the length of the sentence? _____

d.    Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future? Yes    ☐    No    ☒

If yes, please describe. _____

_____

Local AO 241                                                                                            Rev. 10/2025

12.   **TIMELINESS OF PETITION:** In most cases, federal law requires a habeas corpus petition be filed within one (1) year of the date your conviction became final. A conviction becomes "final" when direct review of the judgment is completed or the time to seek direct review expires. Other triggers for the one-year limitation period are described in 28 U.S.C. § 2244(d), quoted below. **If this petition is being filed more than one year after your judgment of conviction became final, explain why it is late and/or why you believe the one-year period does not apply. <u>Attach additional pages if you need more room.</u>**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\*The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) contained in 28 U.S.C. § 2244(d) provides in part:

(1)     A one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

      (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

      (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Local AO 241                                                                                      Rev. 10/2025

13.    Petitioner asks the Court to grant the following relief: (Money damages are not available in habeas cases).

Criminal judgment reversed. The unlawful guilty-Plea withdrawn, conviction reversed or vacated. Discharge from custody. Double Jeapardy Protection granted to Petitioner.

or any other relief to which Petitioner may be entitled.

14.    **Declarations.**

**I declare under the penalties of perjury that the information above is true and correct.**

Signed this _6_ day of _January_, 20 _26_.

_____
Signature of Petitioner*

I further declare this Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 was placed in the prison/institution mailing system with a prepaid, first-class postage on ___01 / 8 / 2026___.
(month, day, year).

*If the person signing is not the Petitioner, state the relationship to Petitioner and explain why Petitioner is not signing this petition. _____

_____

Page 9 of 9

Additional Grounds for §2254 Relief:

Ground Five:   Misrepresentation of Sentencing consequences.

Petitioner WhiteBird testified that he was led to believe he would receive a deferred imposition of Sentence in exchange for his plea. (R107:56-57). White Bird stated, "It was my reasonable understanding at the time when I entered that plea that I would be receiving the promised deferred imposition of sentence." (R107:59:16-24).

Instead of receiving the promised deferred imposition of Sentence. Petitioner received a Sentence of 30 yrs first to serve 20 yrs with 5 yrs suspended. A sentence Petitioner never signed for, or agreed to.

Petitioner's lawyer Kiara Kraus-Parr presented this issue on postconviction,

Petitioner's Appellate counsel Samuel Gereszek failed to present this issue on direct appeal.    Petitioner had to raise it in a filed supplemental brief due to appellate counsel's failure to raise it on direct appeal.

Additional Grounds for §2254 Relief:

Ground Six:    Improper Judicial Participation.

The State district court engaged in Plea discussions at the December 26, 2023 hearing, encouraging parties to "work something out?" regarding plea negotiations. (R107: 46-50).

This happened multiple times at the December 26, 2023 hearing.

Petitioner's lawyer Kiara Kraus-Parr presented the issue on post conviction.

Petitioner's Appellate counsel Samuel Gereszek failed to present this issue on direct appeal.    Petitioner had to raise this issue in a filed supplemental brief due to appellate counsel's failure to raise it on direct appeal.

Additional Grounds for §2254 Relief:

Ground Seven: Prosecutorial Overreach.

The State repeatedly referenced Mr. White Bird's institutional history, criminal conduct, and prior bad acts without providing notice to the defense that they would be used during the preliminary stages and at sentencing. (R107:37-44).

The State used prejudicial unrelated evidence against Mr. White Bird, which further coerced his decision to plead guilty and not allowing for proper preparation and defense in the sentencing argument stage.

White Bird presented evidence that the victim would not appear for trial, contradicting the States representations. Mr. White Bird presented evidence about multiple instances where the State misrepresented evidentiary facts, including his driver's license status, (R107:62-63).

Petitioner's lawyer Kiara Kraus-Parr presented the issue on post conviction.

Petitioner's Appellate counsel Samuel Gereszek failed to present this issue on direct appeal. Petitioner had to raise it in a filed supplemental brief due to appellate counsel's failure to raise the issue on direct appeal.