**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Damon John White Bird, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph Joyce, Warden, | ) | Case No. 1:26-cv-011 |
| | ) | |
| Respondent. | ) | |

Petitioner initiated the above-captioned action on January 16, 2026 with the filing of a *pro se* Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. No. 2).[1]

On January 20, 2026, the undersigned issued an order: (1) directing Respondent to submit a response to the petition by March 20, 2026, that complies with requirements of Rule 5 of the Rules Governing Section 2254 cases in the United States District Court; and (2) setting a dispositive motion deadline of March 20, 2026. (Doc. No. 6).

Respondent failed to file response to Petitioner's petition as directed by March 20, 2026. Consequently, on April 13, 2026, the undersigned issued an order to show cause. (Doc. No. 13). Under threat of possible sanctions, the undersigned directed Respondent to either explain his failure to file a timely response to the petition or otherwise file a response to the petition by April 27, 2026.

On April 23, 2026, Petitioner filed a Motion to Recuse. (Doc. No. 18). Therein he avers that the undersigned has effectively granted Respondent an extension of time to file a response and in

---

[1] This matter has been referred to the undersigned for management and for preliminary consideration. However, it directly assigned to Honorable Daniel L. Hovland, United States District Judge, who will make the final determination regarding the petition.

1

so doing demonstrated impartiality.

28 U.S.C. § 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 455 provides that a court should recuse from a matter if its "impartiality might reasonably be questioned." 28 U.S.C. 455; see also Fletcher v. Conoco Pipe Line Co., 423 F.3d 661, 664 ("Under 455a, disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown" (internal quotation marks omitted)). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proof of proving otherwise." Fletcher v. Conoco Pipe Line Co., 423 F.3d at 664.

Petitioner's motion for recusal appears to be based on his disagreement with the undersigned's order to show cause. Disagreement is not grounds for recusal. See United States v. Hogeland, No. 10-CR-0061 PJS/AJB, 2012 WL 4868904, at *9 (D. Minn. Oct. 15, 2012) (citing Liteky v. United States, 510 U.S. 540, 555 (1994), for the proposition that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); see also Fletcher, 423 F3d. at 665 ("An adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality."). The undersigned's order to show cause order under threat of sanction is not evidence of favor or partiality but rather reflective of the judicial preference for an adjudication on the merits. Finally, it should not escape notice that, prior to the undersigned's issuance of the order to show cause, Petitioner did not raise the issue of or otherwise seek redress

for Respondent's failure to date to respond to his petition. Petitioner's Motion to Recuse (Doc. No. 18) is therefore **DENIED**.

       **IT IS SO ORDERED.**

       Dated this 24th day of April, 2026.

                                         */s/ Clare R. Hochhalter*
                                         Clare R. Hochhalter, Magistrate Judge
                                         United States District Court